IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROBERTO SANDOVAL GARCIA | § | |
| v. | § | CIVIL ACTION NO. 6:06cv274 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Roberto Garcia, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his confinement. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Garcia says that he was released from TDCJ-CID in 1993 and turned over to the Immigration and Naturalization Service for deportation. He subsequently re-entered the United States, legally, and was later arrested in Las Vegas. He was sent to Mexico on December 6, 1996, but re-entered the United States, legally, a few days later. He went to Michigan, where he was again arrested and sent to Texas, where parole revocation proceedings were begun. Garcia says that according to the Board of Pardons and Paroles, his discharge date is 2020, but the Texas prison officials say that his discharge date is 2032.

The Magistrate Judge ordered the Respondent to answer the petition. The Respondent filed a motion to dismiss, saying that Garcia has not exhausted his state remedies in that his state habeas petition is still pending before the Texas Court of Criminal Appeals.

The Magistrate Judge issued a Report recommending that the petition be dismissed, but Garcia filed objections to this Report. In his objections, Garcia said that his state habeas petition

1

concerns different issues than those presented in his federal petition. He argued that his illegal arrest and subsequent imprisonment, without a trial or hearing, are issues of such constitutional magnitude that the requirement of exhaustion does not apply.

On January 4, 2007, the Magistrate Judge withdrew her Report and issued another one. This Report recited the history of the case and again recommended dismissal for failure to exhaust. The Magistrate Judge observed that there is no "constitutional magnitude" exception to the exhaustion requirement, and that while there are exceptions to the requirement, none of these applied in this case. Garcia filed objections to this Report on January 18, 2007.

In these objections, Garcia says that he was arrested in Michigan, but never charged with anything, and that he was sent to Texas, where he remains in custody but has never been afforded due process of law. He says that the process of exhaustion "takes between one and two years" and that his probability of receiving relief in the Texas courts is "non-existent." He infers that the exhaustion process is ineffective to protect his rights and that the failure to consider his claims would result in a miscarriage of justice.

Garcia's speculations as to the length of time for completion of the process, and for his likelihood of success therein, are not sufficient to show that he should be excused from the exhaustion requirement. The Magistrate Judge properly concluded that there is no "constitutional magnitude" exception to the requirement. Garcia's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the petition, the motion to dismiss filed by the Respondent, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice for failure to exhaust state remedies. It is further

ORDERED that the Petitioner Roberto Sandoval Garcia is denied a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 24th day of January, 2007.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**